## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

RICHARD HUGHES,

                         Plaintiff,

-vs-

H&K GROUP, INC.;
*and* MICHAEL RICH *(individually);*

                         Defendant.

Civil Action No.

Plaintiff, Richard Hughes, by and through his attorneys, Freundlich and Littman, LLC, hereby files the following Civil Action Complaint against Defendants, H&K Group, Inc. and Michael Rich (collectively referred to as "Defendants"), for violations of the Age Discrimination in Employment Act of 1967, 29 U.S.C. §§ 621 et seq. ("ADEA"), and the Pennsylvania Human Relations Act, 43 P.S. §§ 951 et seq. ("PHRA").

## **PARTIES**

1.  Plaintiff, RICHARD HUGHES (hereinafter referred to as "Plaintiff" or "HUGHES"), is an adult male individual and a resident of the County of Lehigh in the Commonwealth of Pennsylvania.

2.  Defendant, H&K GROUP, INC. (hereinafter referred to as "Defendant" or "H&K"), is a domestic business corporation organized and existing under the laws of the Commonwealth of Pennsylvania and authorized to conduct business therein.

3.  At all times material, Defendant H&K maintained its headquarters at 2052 Lucon Road, Skippack, Pennsylvania 19474.

4.  At all times material, Defendant H&K operated a heavy civil construction entity that regularly transacted business throughout the Commonwealth of Pennsylvania.

5. At all times material, Defendant MICHAEL RICH (hereinafter referred to as "Defendant" or "RICH") was an adult male individual and was employed as a Supervisor for Defendant H&K.

6. At all times material, Defendant RICH exercised supervisory and decision-making authority over Plaintiff.

7. At all times relevant to this Civil Action, Defendant H&K was Plaintiff's employer and employed well more than the statutory minimum number of employees.

8. At all times relevant to this Civil Action, Plaintiff was qualified for his position with Defendant H&K and met or exceeded Defendant H&K's legitimate performance expectations.

## JURISDICTION AND VENUE

9. Jurisdiction of this action is conferred upon this Court pursuant to 28 U.S.C. § 1331, as Plaintiff asserts claims arising under the Age Discrimination in Employment Act of 1967, 29 U.S.C. §§ 621 et seq. ("ADEA").

10. This Court also has supplemental jurisdiction over Plaintiff's state law causes of action pursuant to 28 U.S.C. § 1367.

11. Venue is proper in the Eastern District of Pennsylvania because Defendant H&K GROUP, INC. maintains its headquarters in Skippack, Montgomery County, Pennsylvania, within the Eastern District of Pennsylvania, and Defendants transact business within the Commonwealth of Pennsylvania.

12. On or around September 5, 2025, Plaintiff, RICHARD HUGHES, filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") against Defendants as set forth herein.

13. Plaintiff requested that his Charge of Discrimination be dual filed with the Pennsylvania Human Relations Commission ("PHRC").

14. On May 15, 2026, the EEOC issued a Determination and Notice of Rights to Plaintiff, notifying Plaintiff of his right to institute a civil action against Defendants and of the requirement that any federal lawsuit based upon the Charge be filed within ninety (90) days of Plaintiff's receipt of the Notice.

15. Plaintiff has exhausted his administrative remedies and has satisfied all conditions precedent to the commencement of this action.

16. This action is timely commenced within ninety (90) days of Plaintiff's receipt of the EEOC's Determination and Notice of Rights.

**<u>MATERIAL FACTS</u>**

17. Plaintiff, RICHARD HUGHES, was originally employed by Defendant H&K GROUP, INC. from on or around January 1, 2004 until on or around November 11, 2011.

18. On or around September 8, 2020, Plaintiff was rehired by Defendant H&K as a Salesman in the Administrative Division of the Construction Materials Department.

19. At the time Plaintiff was rehired by Defendant H&K in September 2020, Plaintiff was approximately sixty-two (62) years of age and was a member of a class protected from age discrimination under federal and state law.

20. During the relevant period of Plaintiff's employment, Plaintiff was assigned to sell products for H&K and Pottsville Materials.

21. Plaintiff's assigned sales territory included Pottsville, Schuylkill County, the Route 78 corridor, and areas including Dauphin, Lebanon, and Berks Counties.

22. As a salesman, Plaintiff was responsible for selling construction materials to customers, developing and maintaining customer relationships, soliciting prospective customers, providing customer quotes, coordinating sales and deliveries, and performing other responsibilities associated with Defendant H&K's construction materials business.

23. Plaintiff possessed extensive experience and knowledge of the construction materials industry and generated substantial revenue through his sales activities.

24. Notwithstanding Plaintiff's experience and contributions to Defendant H&K, Plaintiff was subjected to discriminatory treatment based upon his age.

25. Plaintiff was routinely subjected to belittling and condescending treatment during meetings, where his ideas and contributions were dismissed and minimized.

26. Plaintiff was referred to in front of others as "the old guy" and "the senior."

27. On multiple occasions, statements were made in Plaintiff's presence that the sales team needed "young blood" to move the business forward.

28. Defendant MICHAEL RICH further expressed a preference for younger sales employees and made it known that he wanted a younger sales team.

29. Defendant RICH introduced two individuals in their twenties as prospective sales employees, further demonstrating a preference for younger employees.

30. During a company meeting attended by company executives and other employees, Defendant RICH's son, Mike Rich, Jr., looked directly at Plaintiff and stated in a menacing manner, "I'm going to take you out."

31. Rather than condemning or appropriately addressing the threatening statement, Defendant RICH merely "shushed" his son and permitted the statement to go otherwise unaddressed.

32. Defendant RICH also subjected Plaintiff to belittling and demeaning treatment during the course of Plaintiff's employment.

33. On or around June 18, 2024, Plaintiff informed his supervisor, Daryl Zeiner, that Plaintiff was experiencing medical concerns and would require medical treatment.

34. Thereafter, Plaintiff took an approved continuous medical leave pursuant to the Family and Medical Leave Act beginning on or around June 20, 2024.

35. Plaintiff remained on approved medical leave until on or around August 5, 2024, at which time Plaintiff returned to work.

36. Following Plaintiff's return from medical leave, the discriminatory and disparate treatment to which Plaintiff had been subjected continued.

37. Plaintiff was subjected to heightened scrutiny and reporting requirements, including being required to complete call sheets and provide information regarding his sales activities for Defendant RICH.

38. These heightened requirements were not imposed upon similarly situated younger sales employees.

39. On or around September 4, 2024, Plaintiff submitted a written complaint to H&K Human Resources regarding Defendant RICH's treatment of him.

40. In his written complaint, Plaintiff specifically reported that he had been harassed, belittled, discriminated against, and threatened.

41. Plaintiff further complained that Defendant RICH wanted a younger and more aggressive salesperson for the Pottsville territory and specifically referenced statements concerning younger individuals being better suited for the position.

42. Plaintiff also complained that he was the only salesperson being required to spend substantial time completing call sheets for Defendant RICH.

43. Through his September 4, 2024 complaint, Plaintiff opposed conduct that he reasonably believed constituted unlawful discrimination and thereby engaged in protected activity.

44. Defendant H&K was therefore expressly placed on notice of Plaintiff's complaints concerning discriminatory and disparate treatment.

45. Despite Plaintiff's complaints, Defendants failed to take sufficient remedial action to prevent the discriminatory and retaliatory treatment directed toward Plaintiff.

46. In or around February 2025, a substantially younger salesperson was hired to handle sales for Pottsville Materials and other companies associated with Defendant RICH.

47. Following the hiring of the younger salesperson, Plaintiff was removed from the Pottsville Materials sales assignment and reassigned to perform sales solely for Defendant H&K.

48. As a result of this reassignment, Plaintiff lost responsibility for Pottsville Materials customers and territory that had previously formed part of his sales assignment.

49. The reassignment occurred after Plaintiff had complained about Defendant RICH's preference for younger sales personnel and the discriminatory treatment to which Plaintiff had been subjected.

50. In early March 2025, Plaintiff's work assignments and customer responsibilities were further altered.

51. On or around March 14, 2025, Plaintiff was provided with a two-page list of customers associated with his new assignment.

52. Only days later, on or around March 18, 2025, Defendant H&K claims to have discovered an alleged pricing error associated with a quote Plaintiff had prepared in November 2024.

53. Defendant H&K contends that the November 2024 quote was approximately $53,000 below its established pricing and that the quote was accepted by the customer on or around March 18, 2025.

54. On or around March 19, 2025, Defendant H&K informed Plaintiff that his employment was being terminated.

55. Defendants contend that Plaintiff was terminated because of the alleged pricing error and other alleged performance deficiencies.

56. Plaintiff denies that Defendants' stated reasons constitute the true reason for the termination of his employment and alleges that the reasons offered by Defendants were pretext for unlawful age discrimination and retaliation.

57. Prior to his termination, Plaintiff had complained about age-related discrimination, Defendant RICH's preference for younger sales employees, the disparate requirements imposed upon him, and the treatment he received from Defendant RICH.

58. Plaintiff's termination occurred after his protected complaints and shortly after a substantially younger salesperson was hired to assume sales responsibilities and territory previously assigned to Plaintiff.

59. The circumstances surrounding Plaintiff's reassignment and termination, together with the age-related comments, expressed preference for younger employees, disparate treatment, and Plaintiff's prior complaints of discrimination, support Plaintiff's contention that his age and

protected activity were determinative factors in the adverse employment actions taken against him.

60. Defendants treated Plaintiff less favorably than substantially younger employees with respect to the terms and conditions of his employment, including scrutiny, reporting requirements, work assignments, territory assignments, and continued employment.

61. Defendants failed to take appropriate remedial and corrective measures sufficient to prevent the discriminatory and retaliatory treatment directed toward Plaintiff.

62. Defendants' discriminatory and retaliatory conduct culminated in the termination of Plaintiff's employment.

63. Defendants engaged in willful and intentional conduct aimed at depriving Plaintiff of his right to work in an environment free from unlawful age discrimination and retaliation under federal and state law.

64. As a direct and proximate result of Defendants' unlawful conduct, Plaintiff suffered and continues to suffer damages, including, but not limited to, lost wages, lost benefits, financial loss, reputational harm, humiliation, embarrassment, emotional distress, and other compensable damages.

65. The foregoing conduct demonstrates ongoing age discrimination and retaliation by Defendants against Plaintiff.

**COUNT I**
**AGE DISCRIMINATION UNDER THE ADEA**

66. Plaintiff incorporates by reference all preceding paragraphs as if fully set forth herein.

67. The Age Discrimination in Employment Act of 1967, 29 U.S.C. §§ 621 et seq. ("ADEA"), prohibits an employer from discriminating against an individual with respect to his compensation, terms, conditions, or privileges of employment because of such individual's age.

68. At all times relevant hereto, Plaintiff was over forty (40) years of age and was therefore a member of the class protected by the ADEA.

69. Plaintiff was qualified for his position and met or exceeded Defendant H&K's legitimate performance expectations.

70. Defendant H&K, through its management and agents, subjected Plaintiff to discriminatory treatment because of his age, including, but not limited to, subjecting Plaintiff to age-related comments, expressing a preference for younger sales employees, imposing heightened scrutiny and reporting requirements upon Plaintiff that were not imposed upon younger employees, reassigning Plaintiff's territory, and ultimately terminating Plaintiff's employment.

71. Defendant RICH repeatedly demonstrated a preference for younger employees, including expressing his desire for a younger sales team and introducing individuals in their twenties for sales positions.

72. Plaintiff was further subjected to age-related comments and was referred to as "the old guy" and "the senior," while decision-makers stated that the sales team needed "young blood" to move the business forward.

73. In or around February 2025, a younger individual was hired and assigned to Plaintiff's former territory, effectively displacing Plaintiff.

74. Shortly thereafter, Plaintiff was reassigned to a new territory and subsequently terminated from his employment.

75. Plaintiff's age was a determinative factor in Defendant H&K's adverse employment actions against him.

76. Defendant H&K's conduct constitutes unlawful age discrimination in violation of the ADEA.

77. As a direct and proximate result of Defendant H&K's discriminatory conduct, Plaintiff has suffered and continues to suffer damages, including lost wages, lost benefits, financial loss, emotional distress, humiliation, embarrassment, and reputational harm.

**COUNT II**
**RETALIATION UNDER THE ADEA**

78. Plaintiff incorporates by reference all preceding paragraphs as if fully set forth herein.

79. The ADEA, 29 U.S.C. § 623(d), prohibits an employer from discriminating against an employee because the employee opposed practices made unlawful by the ADEA.

80. Plaintiff engaged in protected activity when he directly confronted Defendant RICH and questioned whether he was being targeted for replacement because of his age.

81. By raising concerns regarding Defendants' age-based treatment and preference for younger employees, Plaintiff opposed conduct that he reasonably believed constituted unlawful age discrimination.

82. Following Plaintiff's protected activity, Defendants continued to subject Plaintiff to discriminatory and retaliatory treatment.

83. In or around February 2025, a younger individual was hired and assigned to Plaintiff's former territory.

84. In early March 2025, Plaintiff was abruptly reassigned to a completely new territory.

85. Shortly thereafter, Plaintiff's employment was terminated.

86. The temporal proximity between Plaintiff's protected activity and the adverse employment actions, together with the circumstances surrounding Plaintiff's treatment, supports a causal connection between Plaintiff's protected activity and Defendants' retaliatory conduct.

87. Defendant H&K's conduct constitutes unlawful retaliation in violation of the ADEA.

88. As a direct and proximate result of Defendant H&K's retaliatory conduct, Plaintiff suffered and continues to suffer damages, including lost wages, lost benefits, financial loss, emotional distress, humiliation, embarrassment, and reputational harm.

## COUNT III
## AGE DISCRIMINATION UNDER THE PHRA

89. Plaintiff incorporates by reference all preceding paragraphs as if fully set forth herein.

90. The Pennsylvania Human Relations Act, 43 P.S. §§ 951 et seq. ("PHRA"), prohibits an employer from discriminating against an individual with respect to compensation, hire, tenure, terms, conditions, or privileges of employment because of the individual's age.

91. Plaintiff was a member of a class protected from age discrimination under the PHRA.

92. Plaintiff was qualified for his position and met or exceeded Defendant H&K's legitimate performance expectations.

93. Defendant H&K discriminated against Plaintiff because of his age by, among other things, subjecting him to age-related comments and stereotypes, treating him less favorably than younger employees, imposing heightened scrutiny and reporting requirements upon him, reassigning his territory, and terminating his employment.

94. Defendant H&K demonstrated a preference for younger employees and ultimately assigned Plaintiff's former territory to a younger individual.

95. Defendant H&K's conduct constitutes unlawful age discrimination in violation of the PHRA.

96. As a direct and proximate result of Defendant H&K's discriminatory conduct, Plaintiff suffered and continues to suffer economic loss, emotional distress, humiliation, embarrassment, reputational harm, and other damages recoverable under the PHRA.

## COUNT IV
## RETALIATION UNDER THE PHRA

97. Plaintiff incorporates by reference all preceding paragraphs as if fully set forth herein.

98. Section 955(d) of the PHRA prohibits retaliation against an individual because he has opposed a practice forbidden by the PHRA.

99. Plaintiff engaged in protected activity when he complained to Defendant RICH that he believed he was being targeted for replacement because of his age and opposed the disparate treatment to which he was being subjected.

100. Following Plaintiff's protected activity, Defendants subjected Plaintiff to continued adverse and retaliatory treatment, including the reassignment of his territory and, ultimately, the termination of his employment.

101. The adverse employment actions taken against Plaintiff occurred shortly after Plaintiff opposed Defendants' age-based discriminatory treatment.

102. Defendant H&K's conduct constitutes unlawful retaliation in violation of 43 P.S. § 955(d).

103. As a direct and proximate result of Defendant H&K's retaliatory conduct, Plaintiff suffered and continues to suffer financial loss, emotional distress, humiliation, embarrassment, reputational harm, and other compensable damages.

## JURY DEMAND

Plaintiff requests a jury trial on all issued to be tried.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff demands judgment against Defendants, jointly and severally, in an

amount to be determined at the time of trial plus interest, punitive damages, liquidated damages,

statutory damaged, attorney's fees, costs, and disbursement of action; and for such other relief as

the Court deems just and proper.


DATED: August 13, 2026


**FREUNDLICH & LITTMAN, LLC**


*/s/ Samuel C. Wilson, Esq.*
Samuel C. Wilson, Esquire
1425 Walnut Street
Suite 200 (2nd Floor)
Philadelphia, PA 19102
215-545-8500
Sam@FandLLaw.com
*Counsel for Plaintiff*